# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

---

## OFFENSE CHARGED

See Attachment A - Defendant Information Sheet

☐ Petty
☐ Minor
☐ Misde- meanor
☒ Felony

PENALTY: See Attachment A - Defendant Information Sheet

---

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

FILED

NOV 6 2012

RICHARD W. WIEKING
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

YGR

### DEFENDANT - U.S

▶ ALBERTO LAREZ

DISTRICT COURT NUMBER

CR 12 792

---

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

FBI SPECIAL AGENT RUSSELL NIMMO

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form

MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)

Asst U.S. Atty Kathryn Haun

---

## DEFENDANT

### IS NOT IN CUSTODY

1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release (show District)

### IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction   ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes   If "Yes" give date filed _____
☐ No

DATE OF ARREST ▶ Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

---

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____   Before Judge: _____

Comments:

# United States v. Alberto Larez, et al
## Defendant Information Sheet
## Attachment A

### (1)   **ALBERTO LAREZ, a/k/a "Bird"**

COUNT 1:  18 U.S.C. § 1962(d) — Racketeering Conspiracy
> Maximum term of life imprisonment
> Maximum term of 5 years' supervised release
> Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
> Mandatory special assessment of $100

COUNT 2:  18 U.S.C. § 1959(a)(5) — Conspiracy to Commit Murder in Aid of Racketeering
> Maximum term of 10 years' imprisonment
> Maximum term of 3 years' supervised release
> Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
> Mandatory special assessment of $100

COUNT 3: 18 U.S.C. § 1959(a)(6) — Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering
> Maximum term of 3 years' imprisonment
> Maximum term of 3 years' supervised release
> Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
> Mandatory special assessment of $100

COUNT 4: 18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of Crime of Violence
> Maximum term of life imprisonment
> Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive to any other term of imprisonment
> Maximum term of supervised release of 5 years
> Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
> Mandatory special assessment of $100

COUNT 20:  18 U.S.C. § 371 — Conspiracy to Obstruct Justice
> Maximum term of 5 years' imprisonment
> Maximum term of 3 years' supervised release

Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count 21: 18 U.S.C. §§ 1512(c)(2) and 2— Obstruction of Justice
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

Count 22: 18 U.S.C. §§ 1519 and 2 – Concealment of Object to Obstruct Investigation
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT   ☐ SUPERSEDING

## OFFENSE CHARGED

See Attachment A - Defendant Information Sheet

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See Attachment A - Defendant Information Sheet

---

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FILED
NOV - 6 2012
RICHARD W. WIEKING
NORTHERN DISTRICT COURT
OF CALIFORNIA

YGR

## DEFENDANT - U.S.

▶ SHANE BOWMAN

DISTRICT COURT NUMBER
TB **CR 12 792**

---

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

FBI SPECIAL AGENT RUSSELL NIMMO

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

}

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Asst U.S. Atty Kathryn Haun

---

## DEFENDANT

### IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction   } ☐ Federal ☐ State

6) ☒ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution
NDCA - OAKLAND DIVISION

Has detainer been filed?   ☒ Yes   ☐ No   } If "Yes" give date filed   June 2012

DATE OF ARREST   Month/Day/Year   June 2012

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

---

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:                          Before Judge:

Comments:

(2)  **SHANE BOWMAN, a/k/a "Huero"**

COUNT 1:  18 U.S.C. § 1962(d) — Racketeering Conspiracy
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

COUNT 2:  18 U.S.C. § 1959(a)(5) — Conspiracy to Commit Murder in Aid of Racketeering
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

COUNT 3: 18 U.S.C. § 1959(a)(6) — Conspiracy to Commit Assault with a Dangerous Weapon in
Aid of Racketeering
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

COUNT 5:  18 U.S.C. § 371 — Conspiracy to Obstruct Justice
    Maximum term of 5 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

COUNT 6:  18 U.S.C. §§ 3 and 1959(a)(1) — Accessory After the Fact to Racketeering Murder
    Maximum term of 15 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

COUNT 7: 18 U.S.C. §§ 1512(c)(2) and 2— Obstruction of Justice
    Maximum term of 20 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

COUNT 8: 18 U.S.C. §§ 1519 and 2 – Destruction of Object to Obstruct Investigation
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

COUNT 9:  18 U.S.C. §§ 844(h) and 2 – Use of Fire to Commit Felony
Maximum term of 10 years' imprisonment
Mandatory minimum term of 10 years' imprisonment, to be imposed consecutive to any other term of imprisonment
Maximum term of supervised release of 3 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

COUNT 10 and 11:  18 U.S.C. §§ 1959(a)(3) and 2 – Assault with a Dangerous Weapon in Aid of Racketeering
Maximum term of 20 years imprisonment
Maximum term of supervised release of 3 years
Maximum fine of the greatest of either:  (a) $250,000; or (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

COUNT 12:  18 U.S.C. § 1951(a) — Conspiracy to Commit Robbery Affecting Interstate Commerce
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

COUNT 13:  18 U.S.C. §§ 1951(a) and 2 — Robbery Affecting Interstate Commerce
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

COUNT 14:  18 U.S.C. §§ 924(c) and 2 – Possession of a Firearm in Furtherance of a Crime of Violence
Maximum term of life imprisonment

Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

---- OFFENSE CHARGED ----

See Attachment A - Defendant Information Sheet

☐ Petty
☐ Minor
☐ Misde-
    meanor
☒ Felony

PENALTY:  See Attachment A - Defendant Information Sheet

Name of District Court, and/or Judge/Magistrate location

**FILED**

NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION    NOV - 6 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---- DEFENDANT - U.S ----

▶ JAIME CERVANTES

DISTRICT COURT NUMBER

TBD **CR   12   792**   **YGR**

---- PROCEEDING ----

Name of Complainant Agency, or Person (& Title, if any)

FBI SPECIAL AGENT RUSSELL NIMMO

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
    ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW
DOCKET NO.
}

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE
CASE NO.
}

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person
Furnishing Information on this form    MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    Asst U.S. Atty Kathryn Haun

---- DEFENDANT ----

IS *NOT IN CUSTODY*
    Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior
       summons was served on above charges _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from _____

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction
                                        }  ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
       If answer to (6) is "Yes", show name of institution
       _____

Has detainer  ☐ Yes     If "Yes"
been filed?              }  give date
              ☐ No          filed    _____

DATE OF       ▶    Month/Day/Year
ARREST
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED  ▶    Month/Day/Year
TO U.S. CUSTODY       _____

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____    Before Judge: _____

Comments:

**(3)    JAIME CERVANTES, a/k/a/ "Hennessy"**

COUNT 1:  18 U.S.C. § 1962(d) — Racketeering Conspiracy
        Maximum term of life imprisonment
        Maximum term of 5 years' supervised release
        Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
        to the defendant; or (c) twice the gross pecuniary loss inflicted on another
        Mandatory special assessment of $100

COUNT 2:  18 U.S.C. § 1959(a)(5) — Conspiracy to Commit Murder in Aid of Racketeering
        Maximum term of 10 years' imprisonment
        Maximum term of 3 years' supervised release
        Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
        to the defendant; or (c) twice the gross pecuniary loss inflicted on another
        Mandatory special assessment of $100

COUNT 3: 18 U.S.C. § 1959(a)(6) — Conspiracy to Commit Assault with a Dangerous Weapon in
Aid of Racketeering
        Maximum term of 3 years' imprisonment
        Maximum term of 3 years' supervised release
        Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
        to the defendant; or (c) twice the gross pecuniary loss inflicted on another
        Mandatory special assessment of $100

COUNT 5:  18 U.S.C. § 371 — Conspiracy to Obstruct Justice
        Maximum term of 5 years' imprisonment
        Maximum term of 3 years' supervised release
        Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
        to the defendant; or (c) twice the gross pecuniary loss inflicted on another
        Mandatory special assessment of $100

COUNT 6:  18 U.S.C. §§ 3 and 1959(a)(1) — Accessory After the Fact to Racketeering Murder
        Maximum term of 15 years' imprisonment
        Maximum term of 3 years' supervised release
        Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
        to the defendant; or (c) twice the gross pecuniary loss inflicted on another
        Mandatory special assessment of $100

COUNT 7: 18 U.S.C. §§ 1512(c)(2) and 2— Obstruction of Justice
        Maximum term of 20 years' imprisonment
        Maximum term of 3 years' supervised release
        Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
        to the defendant; or (c) twice the gross pecuniary loss inflicted on another

Mandatory special assessment of $100

COUNT 8: 18 U.S.C. §§ 1519 and 2 – Destruction of Object to Obstruct Investigation
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

COUNT 9:  18 U.S.C. §§ 844(h) and 2 – Use of Fire to Commit Felony
Maximum term of 10 years' imprisonment
Mandatory minimum term of 10 years' imprisonment, to be imposed consecutive to any other term of imprisonment
Maximum term of supervised release of 3 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

COUNTS 10 and 11:  18 U.S.C. §§ 1959(a)(3) and 2 – Assault with a Dangerous Weapon in Aid of Racketeering
Maximum term of 20 years imprisonment
Maximum term of supervised release of 3 years
Maximum fine of the greatest of either:  (a) $250,000; or (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

COUNT 12:  18 U.S.C. § 1951(a) — Conspiracy to Commit Robbery Affecting Interstate Commerce
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

COUNT 13:  18 U.S.C. §§ 1951(a) and 2 — Robbery Affecting Interstate Commerce
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

COUNT 14:  18 U.S.C. §§ 924(c) and 2 – Possession of a Firearm in Furtherance of a Crime of Violence
Maximum term of life imprisonment

Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed consecutive to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT

─── OFFENSE CHARGED ───
☐ SUPERSEDING

See Attachment A - Defendant Information Sheet
☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: See Attachment A - Defendant Information Sheet

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

*FILED*

NOV - 6 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

YGR

─── DEFENDANT - U.S ───
► KARL GRAY

DISTRICT COURT NUMBER

**CR 12 792**

─── PROCEEDING ───

Name of Complaintant Agency, or Person (& Title, if any)
FBI SPECIAL AGENT RUSSELL NIMMO

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    MELINDA HAAG
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Asst U.S. Atty Kathryn Haun

─── DEFENDANT ───

**IS *NOT* IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ►
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from ~~(...ict)~~

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction } ☐ Federal ☐ State
6) ☒ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution
SONOMA COUNTY SUPERIOR COURT

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

DATE OF ARREST ► Month/Day/Year    JUNE 2012

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ► Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:                    Before Judge:

Comments:

**(4)      KARL GRAY, a/k/a "Creeper"**

COUNT 1:  18 U.S.C. § 1962(d) — Racketeering Conspiracy
      Maximum term of life imprisonment
      Maximum term of 5 years' supervised release
      Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
      to the defendant; or (c) twice the gross pecuniary loss inflicted on another
      Mandatory special assessment of $100

COUNT 2:  18 U.S.C. § 1959(a)(5) — Conspiracy to Commit Murder in Aid of Racketeering
      Maximum term of 10 years' imprisonment
      Maximum term of 3 years' supervised release
      Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
      to the defendant; or (c) twice the gross pecuniary loss inflicted on another
      Mandatory special assessment of $100

COUNT 3: 18 U.S.C. § 1959(a)(6) — Conspiracy to Commit Assault with a Dangerous Weapon in
Aid of Racketeering
      Maximum term of 3 years' imprisonment
      Maximum term of 3 years' supervised release
      Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
      to the defendant; or (c) twice the gross pecuniary loss inflicted on another
      Mandatory special assessment of $100

COUNT 16:  21 U.S.C. § 841(a) and 18 U.S.C. § 2 — Possession with Intent to Distribute
Controlled Substance
      Maximum term of 10 years' imprisonment
      Maximum term of 3 years' supervised release
      Maximum fine of the greatest of: $1,000,000
      Mandatory special assessment of $100

COUNT 17:  18 U.S.C. §§ 924(c) and 2 — Possession of a Firearm in Furtherance of a Drug
Trafficking Crime
      Maximum term of life imprisonment
      Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed
      consecutive to any other term of imprisonment
      Maximum term of supervised release of 5 years
      Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
      to the defendant; or (c) twice the gross pecuniary loss inflicted on another
      Mandatory special assessment of $100

COUNTS 18 and 19:  18 U.S.C. §§ 922(g) and 2 — Felon in Possession of Firearm and Ammunition
Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of:  $250,000
Mandatory special assessment of $100


COUNTS 20:  18 U.S.C. § 371 — Conspiracy to Obstruct Justice
Maximum term of 5 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

COUNT 21: 18 U.S.C. §§ 1512(c)(2) and 2— Obstruction of Justice
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

COUNT 22: 18 U.S.C. §§ 1519 and 2 – Concealment of Object to Obstruct Investigation
Maximum term of 20 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

---

**OFFENSE CHARGED**

See Attachment A - Defendant Information Sheet

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  See Attachment A - Defendant Information Sheet

---

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

FILE

**DEFENDANT - U.S** NOV - 6 2012

▶ PETER CUEN  RICHARD W. W...
U.S. DISTRICT...
NORTHERN DISTRICT OF CAL...

YGR

DISTRICT COURT NUMBER

TBD **CR 12 792**

---

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

FBI SPECIAL AGENT RUSSELL NIMMO

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

}

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

}

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

}

Name and Office of Person Furnishing Information on this form  MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  Asst U.S. Atty Kathryn Haun

---

**DEFENDANT**

**IS *NOT* IN CUSTODY**

1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

}  ☐ Federal  ☐ State

If answer to (6) is "Yes", show name of institution

_____

Has detainer been filed?  ☐ Yes  ☐ No

}  If "Yes" give date filed

DATE OF ARREST ▶

Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶

Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:

☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT

If Summons, complete following:

☐ Arraignment  ☐ Initial Appearance

Defendant Address:

_____

Bail Amount:  No Bail

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____  Before Judge: _____

Comments:

**(6)    PETER CUEN, a/k/a/ "Mijo"**


COUNT 1:  18 U.S.C. § 1962(d) — Racketeering Conspiracy
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

COUNT 2:  18 U.S.C. § 1959(a)(5) — Conspiracy to Commit Murder in Aid of Racketeering
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

COUNT 3: 18 U.S.C. § 1959(a)(6) — Conspiracy to Commit Assault with a Dangerous Weapon in
Aid of Racketeering
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

COUNT 4:  18 U.S.C. §§ 924(c) and 2 — Possession of a Firearm in Furtherance of a Crime of
Violence
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed
    consecutive to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

───── OFFENSE CHARGED ─────

See Attachment A - Defendant Information Sheet

☐ Petty
☐ Minor
☐ Misde-
   meanor
☒ Felony

PENALTY:  See Attachment A - Defendant Information Sheet

Name of District Court, and/or Judge/Magistrate Location

FILED

NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

NOV - 6 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

───── DEFENDANT - U.S. ─────

▶ RICHIE MICHELSON

YGR

DISTRICT COURT NUMBER

CR 12 792

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

FBI SPECIAL AGENT RUSSELL NIMMO

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form    MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    Asst U.S. Atty Kathryn Haun

### DEFENDANT

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior
   summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction          ☐ Federal ☐ State

6) ☒ Awaiting trial on other charges

   If answer to (6) is "Yes", show name of institution
   SONOMA COUNTY SUPERIOR COURT

   Has detainer   ☒ Yes   If "Yes"
   been filed?    ☐ No    give date
                          filed    NOVEMBER 2012

   DATE OF        Month/Day/Year
   ARREST ▶       NOVEMBER 2012

   Or... if Arresting Agency & Warrant were not

   DATE TRANSFERRED ▶    Month/Day/Year
   TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

───── ADDITIONAL INFORMATION OR COMMENTS ─────

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                     Before Judge:

Comments:

**(5)    RICHIE MICHELSON, a/k/a "Noodles"**

COUNT 1:  18 U.S.C. § 1962(d) — Racketeering Conspiracy
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

COUNT 2:  18 U.S.C. § 1959(a)(5) — Conspiracy to Commit Murder in Aid of Racketeering
    Maximum term of 10 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

COUNT 3: 18 U.S.C. § 1959(a)(6) — Conspiracy to Commit Assault with a Dangerous Weapon in
Aid of Racketeering
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

COUNT 4:  18 U.S.C. §§ 924(c) and 2 — Possession of a Firearm in Furtherance of a Crime of
Violence
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed
    consecutive to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

COUNT 23:  18 U.S.C. §§ 1512(a)(2) and 2 — Witness Tampering
    Maximum term of 20 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

COUNT 24: 21 U.S.C. § 846 – Conspiracy to Distribute/Possess with Intent to Distribute a Controlled Substance

Maximum term of 10 years' imprisonment
Maximum term of 3 years' supervised release
Maximum fine of the greatest of: $1,000,000
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT    ☐ INFORMATION    ☒ INDICTMENT
☐ SUPERSEDING

─── **OFFENSE CHARGED** ───

See Attachment A - Defendant Information Sheet

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:    See Attachment A - Defendant Information Sheet

*FILED*

NOV - 6 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── Name of District Court, and/or Judge/Magistrate Location ───

NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

**FILED**
NOV - 6 2012
YGR

─── **DEFENDANT - U.S.** ───

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

► RUDY MARTINEZ

DISTRICT COURT NUMBER

TBD    **CR 12 792**

─── **PROCEEDING** ───

Name of Complaintant Agency, or Person (& Title, if any)

FBI SPECIAL AGENT RUSSELL NIMMO

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

_____

Name and Office of Person
Furnishing Information on this form    MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    Asst U.S. Atty Kathryn Haun

─── **DEFENDANT** ───

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ►_____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction      ☐ Federal ☐ State

6) ☒ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution
DISTRICT OF UTAH

Has detainer been filed?  ☒ Yes  ☐ No    If "Yes" give date filed    OCTOBER 2012

DATE OF ARREST    Month/Day/Year    OCTOBER 2012

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ►    Month/Day/Year

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

_____    Date/Time: _____    Before Judge: _____

Comments:

**(7)    RUDY MARTINEZ, a/k/a/ "Rene"**

COUNT 1:  18 U.S.C. § 1962(d) — Racketeering Conspiracy
Maximum term of life imprisonment
Maximum term of 5 years' supervised release
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

COUNT 4:  18 U.S.C. §§ 924(c) and 2 — Possession of a Firearm in Furtherance of a Crime of
Violence
Maximum term of life imprisonment
Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed
consecutive to any other term of imprisonment
Maximum term of supervised release of 5 years
Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
to the defendant; or (c) twice the gross pecuniary loss inflicted on another
Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

─── **OFFENSE CHARGED** ───

See Attachment A - Defendant Information Sheet

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: See Attachment A - Defendant Information Sheet

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

NOV - 6 2012

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── **DEFENDANT - U.S** ───

▶ ELIAS GONZALES

YGR

DISTRICT COURT NUMBER

CR 12 792

─── **PROCEEDING** ───

Name of Complainant Agency, or Person (& Title, if any)

FBI SPECIAL AGENT RUSSELL NIMMO

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form     MELINDA HAAG

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)     Asst U.S. Atty Kathryn Haun

─── **DEFENDANT** ───

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from ~~OTHER~~

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?
☐ Yes
☐ No
} If "Yes" give date filed

DATE OF ARREST     Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶     Month/Day/Year

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT     Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:     Before Judge:

Comments:

**(8)    ELIAS GONZALES, a/k/a/ "Hammer"**

COUNT 1:  18 U.S.C. § 1962(d) — Racketeering Conspiracy
   Maximum term of life imprisonment
   Maximum term of 5 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

COUNT 4:  18 U.S.C. §§ 924(c) and 2 — Possession of a Firearm in Furtherance of a Crime of
Violence
   Maximum term of life imprisonment
   Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed
   consecutive to any other term of imprisonment
   Maximum term of supervised release of 5 years
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

**OFFENSE CHARGED**

See Attachment A - Defendant Information Sheet

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  See Attachment A - Defendant Information Sheet

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

FILED

NOV - 6 2012

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S**

PEGGY LAREZ

YGR

DISTRICT COURT NUMBER

CR 12 792

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

FBI SPECIAL AGENT RUSSELL NIMMO

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form    MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Asst U.S. Atty Kathryn Haun

**DEFENDANT**

**IS NOT IN CUSTODY**
   Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▸

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction  } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

**DATE OF ARREST** ▸    Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY**    Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

(9)    **PEGGY LAREZ**

COUNT 1:  18 U.S.C. § 1962(d) — Racketeering Conspiracy
    Maximum term of life imprisonment
    Maximum term of 5 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

COUNT 3: 18 U.S.C. § 1959(a)(6) — Conspiracy to Commit Assault with a Dangerous Weapon in
Aid of Racketeering
    Maximum term of 3 years' imprisonment
    Maximum term of 3 years' supervised release
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

COUNT 4:  18 U.S.C. §§ 924(c) and 2 — Possession of a Firearm in Furtherance of a Crime of
Violence
    Maximum term of life imprisonment
    Mandatory minimum term of 5, 7, or 10 years' imprisonment, to be imposed
    consecutive to any other term of imprisonment
    Maximum term of supervised release of 5 years
    Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
    to the defendant; or (c) twice the gross pecuniary loss inflicted on another
    Mandatory special assessment of $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT    ☐ INFORMATION    ☒ INDICTMENT

—— **OFFENSE CHARGED** ——    ☐ SUPERSEDING

See Attachment A - Defendant Information Sheet

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:    See Attachment A - Defendant Information Sheet

—— Name of District Court, and/or Judge/Magistrate Location ——

**NORTHERN DISTRICT OF CALIFORNIA**
OAKLAND DIVISION
NOV - 6 2012

**YGR**

—— **DEFENDANT - U.S** ——

► RICHARD MARTINEZ

DISTRICT COURT NUMBER
TBD    **CR 12 792**

—— **PROCEEDING** ——

Name of Complaintant Agency, or Person (& Title, if any)

FBI SPECIAL AGENT RUSSELL NIMMO

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY    ☐ DEFENSE    } SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant    } MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under    }

Name and Office of Person Furnishing Information on this form    MELINDA HAAG

☒ U.S. Attorney    ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Asst U.S. Atty Kathryn Haun

—— **DEFENDANT** ——

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction    } ☐ Federal    ☐ State

6) ☒ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution
NDCAL - SAN FRANCISCO

Has detainer been filed?    ☒ Yes    ☐ No    } If "Yes" give date filed

**DATE OF ARREST** ►    Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ►    Month/Day/Year

☐ This report amends AO 257 previously submitted

—— **ADDITIONAL INFORMATION OR COMMENTS** ——

PROCESS:
☐ SUMMONS    ☐ NO PROCESS*    ☒ WARRANT    Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment    ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time:    Before Judge:

Comments:

**(10)   RICHARD MARTINEZ, a/k/a/ "Maniac"**

COUNT 5:   18 U.S.C. §§ 3 and 1959(a)(1) — Accessory After the Fact to Racketeering Murder
   Maximum term of 15 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

COUNT 6:   18 U.S.C. § 371 — Conspiracy to Obstruct Justice
   Maximum term of 5 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

COUNT 7: 18 U.S.C. §§ 1512(c)(2) and 2— Obstruction of Justice
   Maximum term of 20 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

COUNT 8: 18 U.S.C. §§ 1519 and 2 – Destruction of Object to Obstruct Investigation
   Maximum term of 20 years' imprisonment
   Maximum term of 3 years' supervised release
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

COUNT 9:   18 U.S.C. §§ 844(h) and 2 – Use of Fire to Commit Felony
   Maximum term of 10 years' imprisonment
   Mandatory minimum term of 10 years' imprisonment, to be imposed consecutive to any
   other term of imprisonment
   Maximum term of supervised release of 3 years
   Maximum fine of the greatest of either: (a) $250,000; (b) twice the gross pecuniary gain
   to the defendant; or (c) twice the gross pecuniary loss inflicted on another
   Mandatory special assessment of $100

# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: OAKLAND

---

UNITED STATES OF AMERICA,

V.

FILED

NOV - 6 2012

LAZAR, ET. AL

YGR

## CR 12 792

DEFENDANT(S).

---

# INDICTMENT

VIOLATIONS: 18 U.S.C. § 1962(d) – Racketeering Conspiracy; 18 U.S.C. § 1959 – Violent Crime in Aid of Racketeering; 18 U.S.C. § 924(c) – Use/Possession of Firearm in Furtherance of Crime of Violence/Drug Trafficking Crime; 18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm/Ammunition; 18 U.S.C. § 1951 – Hobbs Act Robbery/Conspiracy; 18 U.S.C. § 1512 – Obstruction of Justice/Witness Tampering; 18 U.S.C. § 1513 – Witness Retaliation; 18 U.S.C. § 1519 – Concealing/Destroying Object to Obstruct Investigation; 18 U.S.C. § 844(h) – Use of Fire to Commit Federal Felony; 21 U.S.C. 841(a)(1) – Possession with Intent to Distribute Controlled Substance; 21 U.S.C. 846 – Drug Conspiracy; 18 U.S.C. § 371 – Conspiracy; 18 U.S.C. § 2 – Aiding and Abetting; 18 U.S.C. § 3 – Accessory After the Fact; 18 U.S.C. 1963 – RICO Forfeiture.

---

A true bill.

_J Schur_

Foreman

Filed in open court this **6** day of **November, 2012**

_L. Slett_

Clerk

Bail, $ _no bail warrants to all defendants_
_11/6/12_

1  MELINDA HAAG (CABN 132612)
   United States Attorney
2

3                                                    
                                                     FILED
4                                                    NOV - 6 2012

5

6

7

8

9                        UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11                             OAKLAND DIVISION

12  UNITED STATES OF AMERICA,              CR 12   792

13            v.                           )  VIOLATIONS: 18 U.S.C. § 1962(d) –
                                           )  Racketeering Conspiracy; 18 U.S.C. § 1959 –
14                                         )  Violent Crime in Aid of Racketeering; 18
    (1)  ALBERTO LAREZ,                     )  U.S.C. § 924(c) – Use/Possession of Firearm
15         a/k/a "Bird,"                    )  in Furtherance of Crime of Violence/Drug
    (2)  SHANE BOWMAN,                      )  Trafficking Crime; 18 U.S.C. § 922(g)(1) –
16         a/k/a "Huero,"                   )  Felon in Possession of Firearm/Ammunition;
    (3)  JAIME CERVANTES,                   )  18 U.S.C. § 1951 – Hobbs Act
17         a/k/a "Hennessy,"                )  Robbery/Conspiracy; 18 U.S.C. § 1512 –
    (4)  KARL GRAY,                         )  Obstruction of Justice/Witness Tampering; 18
18         a/k/a "Creeper,"                 )  U.S.C. § 1513 – Witness Retaliation; 18
    (5)  PETER CUEN,                        )  U.S.C. § 1519 – Concealing/Destroying
19         a/k/a "Mijo,"                    )  Object to Obstruct Investigation; 18 U.S.C. §
    (6)  RICHIE MICHELSON,                  )  844(h) – Use of Fire to Commit Federal
20         a/k/a "Noodles,"                 )  Felony; 21 U.S.C. 841(a)(1) – Possession
    (7)  RUDY MARTINEZ,                     )  with Intent to Distribute Controlled Substance;
21         a/k/a "Rene,"                    )  21 U.S.C. 846 – Drug Conspiracy; 18 U.S.C.
    (8)  ELIAS GONZALES,                    )  § 371 – Conspiracy; 18 U.S.C. § 2 – Aiding
22         a/k/a "Hammer,"                  )  and Abetting; 18 U.S.C. § 3 – Accessory After
    (9)  PEGGY LAREZ, and                   )  the Fact; 18 U.S.C. 1963 – RICO Forfeiture.
23  (10) RICHARD MARTINEZ,                  )
           a/k/a "Maniac,"                  )
24                                          )  OAKLAND VENUE
25            Defendants.                   )
                                           )
26                                          )
                                           )
27                                          )
                                           )
28  _____)




District Court
Criminal Case Processing

# INDICTMENT

The Grand Jury charges:

COUNT ONE:        (18 U.S.C. § 1962(d) — Racketeering Conspiracy)

## Introductory Allegations

1.     *Nuestra Familia* — Spanish for "Our Family" and also known by the letters "*NF*" — is a prison gang that was formed in the late 1960s in the California State prison system. The rise of *Nuestra Familia* is linked to the emergence in the late 1950s of another prison gang called the Mexican Mafia, also known as "*La Eme*." Hispanic inmates in the California State prison system joined together to form what became the Mexican Mafia for protection against other prison gangs as well as to engage in illegal activities for profit. The Mexican Mafia soon became dominated by Mexican and Mexican-American inmates from Southern California, and Hispanic inmates from Northern California perceived that they were marginalized under the dominion of the Mexican Mafia. As a result, Hispanic inmates with roots in Northern California banded together and formed what became *Nuestra Familia* in order to protect themselves and advance their own interests.

2.     By the 1970s, *Nuestra Familia* rivaled the power of the Mexican Mafia and other prison gangs in California, and the competition between members and associates of *Nuestra Familia* and the Mexican Mafia resulted in violent and often fatal encounters. Similarly, outside of prison, the members and associates of *Nuestra Familia* and the Mexican Mafia competed with each other to control such profitable criminal activities as narcotics trafficking, extortion, and robbery. This competition between the two rivals led to murder, attempted murder, and other acts of violence.

3.     *Nuestra Familia* is comprised of relatively few full members, who are known as *carnales* and who control the gang. An individual becomes a *Nuestra Familia* member or *carnal* after being properly schooled, sponsored, and approved by other *Nuestra Familia carnales*. A *carnal* must also prove his loyalty and worth by committing crimes and conducting himself for the gang's benefit. A *carnal* must value the gang above all else and must be willing to sacrifice even family and friends for the gang. According to *Nuestra Familia*'s rules, once one becomes a

INDICTMENT                                    -2-

*carnal*, death is the only way to withdraw from the gang.

4.     *Nuestra Familia carnales* control and direct the activities of others, notably members of the various *Norteño* street gangs. *Norteño* gang members pledge their allegiance and loyalty to *Nuestra Familia* and are instructed on the rules, rituals, and obligations of *Nuestra Familia*. *Norteños* commit crimes such as narcotics trafficking, robbery, and murder to benefit themselves and *Nuestra Familia*. Proceeds generated by such illegal activities are expected to be paid as a "tax" to *Nuestra Familia carnales*. If a *carnal* is incarcerated, the tax is paid into the *carnal*'s jail or prison commissary account or to the *carnal*'s family. *Nuestra Familia* enforces its rules and promotes discipline among its members and associates by assaulting and threatening those individuals who violate the rules or pose a threat to the organization.

5.     As a response to the prison gang problem in the California prison system, the California Department of Corrections and Rehabilitation ("CDC") initiated its Secure Housing Units ("SHU") programs in its prison facilities. The CDC identified prison gang leaders in a particular facility, removed them from the prison's mainline housing units, and placed them into segregated SHU cells. The goal of the SHU programs was to limit the influence of prison gang leaders by isolating them, thereby restricting their communications and their ability to direct criminal activities of other gang members in and out of CDC custody.

6.     By the early 1980s, the majority of *Nuestra Familia carnales* had been placed in SHU programs, which limited the prison gang's numbers and its influence within the CDC. As a response to the SHU programs, *Nuestra Familia* created a separate gang called *Nuestra Raza* (Spanish for "Our Race"), also known by the letters "*NR.*" *Nuestra Familia* gave *Nuestra Raza* members a set of rules, known as the "14 bonds," that governed their conduct and educated them in carrying out *Nuestra Familia*'s orders. *Nuestra Raza* members eventually became the "foot soldiers" for *Nuestra Familia* and also provided a larger recruiting pool to *Nuestra Familia* by preparing inmates for *Nuestra Familia* membership. Because *Nuestra Raza* was not yet classified as a prison gang, its members were not automatically segregated into SHU programs. Through their *Nuestra Raza* lieutenants, *Nuestra Familia carnales* were able to restore their control within the CDC. By the 1990s, *Nuestra Raza* had grown in size and power and also

1  became known as the "Northern Structure" or "NS."

2      7.      Despite the efforts of law enforcement officials, *Nuestra Familia* continues to
3  flourish and has expanded its influence over illegal activities outside of the prison system.  After
4  *Nuestra Familia* members or associates are released from prison, they remain loyal to *Nuestra*
5  *Familia* and work to further the goals of *Nuestra Familia* outside of the prison environment.
6  Despite being imprisoned and being closely scrutinized by prison officials, *Nuestra Familia*
7  *carnales* still manage to convey their orders to *Nuestra Familia* members and associates in and
8  outside of prison through a variety of means, including secret notes, called "kites" or "filters,"
9  coded letters, and messages conveyed by complicit visitors.  These messages are also sent as
10  legal mail (thereby securing the privacy of its contents), or as a three-way messaging system
11  using post office boxes pursuant to which third parties pick up coded messages and re-deliver
12  them to the intended recipients outside of prison.  These types of communications allow
13  incarcerated *Nuestra Familia* members to communicate with and direct other incarcerated
14  members and associates, as well as to communicate with and direct members and associates on
15  the streets.

16      8.      *Nuestra Familia* organizes its followers on the streets into "regiments," or
17  "crews," which commit crimes for the gang's benefit.  A regiment is usually led by a regimental
18  commander who is typically a *carnal* or a high-level *Nuestra Raza* or *Norteño* gang member.
19  Some *carnales* command more than one regiment.  The rank and file of a *Nuestra Familia*
20  regiment are called "soldiers" and are usually *Norteños*.  Among other things, the regimental
21  commander is responsible for overseeing the criminal activities of his regiment.  The gang
22  member in charge of a regiment collects the regiment's ill-gotten gains and then — after keeping
23  his share — transfers the money to the gang's leadership in prison.

24      9.      *Nuestra Familia* and its affiliated gangs have been and continue to be engaged in
25  a fierce and violent gang war with the Mexican Mafia and the Mexican Mafia's affiliated gangs,
26  which are generally called "*Sureño*" or "Southern" gangs.  Within the prison system, this rivalry
27  manifests itself in beatings and stabbings, which often result in death.  Outside the prison system,
28  the two sides, north and south, fight for control of narcotics trafficking territory as well as control

INDICTMENT                                    -4-

over other crimes. In addition to fighting for control over remunerative illegal activities and using violence and terror for the purpose of enriching themselves, the two sides also engage in violence simply to assert their gang identities.

### The Racketeering Enterprise

10.    *Nuestra Familia*, including its leadership, members, associates, and members of its affiliate organizations, including *Nuestra Raza*/Northern Structure and the *Norteños*, constituted an "enterprise" as defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

### Purposes of the Enterprise

11.    The purposes of the *Nuestra Familia* enterprise included the following:

a.    Preserving and protecting the power, territory, reputation, and profits of *Nuestra Familia* through the use of intimidation, violence, threats of violence, assaults, and murder;

b.    Enriching the members and associates of *Nuestra Familia* through, among other things, the control of and participation in the distribution of controlled substances;

c.    Enriching the members and associates of *Nuestra Familia* through, among other things, violence and threats of violence, extortion, assault, and robbery;

d.    Keeping victims, potential victims, and witnesses in fear of *Nuestra Familia* and in fear of its members and associates through violence and threats of violence;

e.    Providing financial support to other *Nuestra Familia* members, including those incarcerated for committing acts of violence, robbery, distribution of controlled substances and other offenses; and

f.    Protecting *Nuestra Familia* members and associates who committed crimes by hindering, obstructing, and preventing law enforcement officers from identifying the offenders, apprehending the offenders, and successfully prosecuting and punishing the offenders.

## The Defendants

12.     ALBERTO LAREZ, a/k/a "Bird," became a member of *Nuestra Raza* in 1994. By in or about 2011, ALBERTO LAREZ had become a *Nuestra Familia carnal* serving as a regiment commander for the organization. ALBERTO LAREZ distributed controlled substances on behalf of *Nuestra Familia* and sent proceeds from his illegal narcotics trafficking to incarcerated *Nuestra Familia carnales*. In addition, throughout 2011, ALBERTO LAREZ groomed two younger *Norteños*, SHANE BOWMAN, a/k/a "Huero," and JAIME CERVANTES, a/k/a "Hennessy," to put in "work" — i.e., crimes — on behalf of *Nuestra Familia*. Among other crimes committed in furtherance of *Nuestra Familia*, on or about August 27, 2011, in the vicinity of Red Bluff, California, ALBERTO LAREZ and PEGGY LAREZ — ALBERTO LAREZ's wife — SHANE BOWMAN, and JAIME CERVANTES conspired to commit, and did commit, an armed robbery of a gas station. In addition, on or about September 10, 2011, SHANE BOWMAN, JAIME CERVANTES, and RICHARD MARTINEZ, a *Norteño* associate since at least in or about 2008, set fire to an apartment in Oakland, California, in order to destroy evidence from a double murder committed the previous day by a *Nuestra Familia carnal*. Moreover, on or about January 10, 2012, SHANE BOWMAN and JAIME CERVANTES committed a home invasion robbery in Livermore, California.

13.     KARL GRAY, a/k/a "Creeper," has been an active member of *Nuestra Raza* since at least 2003. RICHIE MICHELSON, a/k/a "Noodles," has been an active member of *Nuestra Raza* since at least 2009. Among other crimes committed in furtherance of *Nuestra Familia*, in or around October 2011, GRAY removed and concealed a number of firearms that had been stored by *Nuestra Familia* members and associates at a residence in Oakland, California, in order to prevent the firearms' discovery by law enforcement officers. In addition, on or around October 10, 2012, after GRAY had been arrested and charged with possession of a firearm and drug distribution, MICHELSON threatened to kill an individual whom he believed would testify as a witness against GRAY. MICHELSON also distributed controlled substances on behalf of *Nuestra Familia* and sent proceeds from his illegal narcotics trafficking to incarcerated *Nuestra Familia carnales*.

INDICTMENT                                          -6-

14. PETER CUEN, a/k/a "Mijo," RUDY MARTINEZ, a/k/a "Rene," and ELIAS GONZALES, a/k/a "Hammer," are *Norteños* who distributed controlled substances on behalf of *Nuestra Familia* and sent proceeds from their illegal narcotics trafficking to incarcerated *Nuestra Familia carnales*.

15. The defendants — ALBERTO LAREZ, SHANE BOWMAN, JAIME CERVANTES, KARL GRAY, PETER CUEN, RICHIE MICHELSON, RUDY MARTINEZ, ELIAS GONZALES, and PEGGY LAREZ — who are associates, members, and leaders of *Nuestra Familia* and/or *Nuestra Familia*'s *Nuestra Raza*/Northern Structure and/or *Norteño* affiliates, acted individually, with each other, and also with non-member *Nuestra Familia* associates in the commission of racketeering activities and other criminal conduct.

## The Racketeering Conspiracy

16. Beginning on a date unknown to the Grand Jury but since at least the mid-2000s, and continuing up through and including the present, in the Northern District of California and elsewhere, the defendants,

ALBERTO LAREZ, a/k/a "Bird,"

SHANE BOWMAN, a/k/a "Huero,"

JAIME CERVANTES, a/k/a "Hennessy,"

KARL GRAY, a/k/a "Creeper,"

PETER CUEN, a/k/a "Mijo,"

RICHIE MICHELSON, a/k/a "Noodles,"

RUDY MARTINEZ, a/k/a "Rene,"

ELIAS GONZALES, a/k/a "Hammer," and

PEGGY LAREZ,

together with others known and unknown, each being a person employed by and associated with *Nuestra Familia*, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, willfully, and intentionally did conspire to violate Title 18, United States Code, Section 1962(c), that is to conduct and participate, directly and indirectly, in the conduct of the affairs of the *Nuestra Familia* enterprise through a pattern of racketeering activity,

INDICTMENT                                    -7-

as defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering activity consisted of:

a.    multiple acts and threats involving murder, in violation of California Penal Code §§ 187, 188, 189, 182, 21a, 664, 653f, and 422;

b.    multiple acts and threats involving robbery, in violation of California Penal Code §§ 211, 212, 212.5, 213, 182, 21a, 664, 653f, and 422;

c.    multiple acts involving dealing in controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846;

d.    multiple acts indictable under 18 U.S.C. § 1951 (robbery/extortion affecting commerce); and

e.    multiple acts indictable under 18 U.S.C. §§ 1503 (obstruction of justice), 1512 (tampering with witness, victim, or informant); and 1513 (retaliating against witness, victim, or informant).

17.    It was part of the conspiracy that each defendant agreed that a member of the conspiracy would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

<u>Means and Methods of the Conspiracy</u>

18.    It was part of the means and methods of the conspiracy that the defendants and other members and associates of *Nuestra Familia*, discussed with other members and associates of *Nuestra Familia*, among other things: the membership and rules of *Nuestra Familia*; the status of *Nuestra Familia* members and associates who were arrested or incarcerated; the disciplining of *Nuestra Familia* members; encounters between law enforcement and *Nuestra Familia* members and associates; the identities of individuals suspected of cooperating with law enforcement and the proposed actions to be taken against them; plans and agreements regarding the commission of future crimes, including murder, robbery, narcotics distribution, illegal possession of firearms, and assault, as well as ways to conceal these crimes; and the enforcement of the rules of *Nuestra Familia*.

19.    It was further part of the means and methods of the conspiracy that the defendants

INDICTMENT                    -8-

and other members and associates of *Nuestra Familia* purchased, possessed, maintained, used, and circulated a collection of firearms for use in criminal activity by the members and associates of *Nuestra Familia*.

20. It was further part of the means and methods of the conspiracy that the defendants and other members and associates of *Nuestra Familia* committed acts of violence, including murder, attempted murder, and assault, including acts of violence by members and associates of *Nuestra Familia* against rival gang members and others when it suited the enterprise's purposes. Members of *Nuestra Familia* also used violence to impose discipline within the gang.

21. It was further part of the means and methods of the conspiracy that the defendants and other members and associates of *Nuestra Familia* distributed narcotics, committed robbery, extortion, and other crimes, and concealed their criminal activities by obstructing justice, threatening and intimidating witnesses, and other means.

All in violation of Title 18, United States Code, Section 1962(d).

COUNT TWO:          (18 U.S.C. § 1959(a)(5) — Conspiracy to Commit Murder in Aid of Racketeering)

22. Paragraphs 1 through 15 and 18 through 21 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

23. At all times relevant to this Indictment, *Nuestra Familia*, including its *Nuestra Raza*/Northern Structure and *Norteno* affiliates, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

24. At all times relevant to this Indictment, *Nuestra Familia*, the above-described enterprise, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, multiple acts and threats involving murder, in violation of California Penal Code §§ 187, 188, 189, 182, 21a, 664, 653f, and 422; multiple acts and threats involving robbery, in violation of California Penal Code §§

211, 212, 212.5, 213, 182, 21a, and 664; multiple acts involving dealing in a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and multiple acts indictable under 18 U.S.C. §§ 1951, 1503, 1512, and 1513.

25. Beginning on a date unknown to the Grand Jury but since at least the mid-2000s, and continuing up through and including the present, in the Northern District of California and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in *Nuestra Familia*, an enterprise engaged in racketeering activity, the defendants,

ALBERTO LAREZ, a/k/a "Bird,"

SHANE BOWMAN, a/k/a "Huero,"

JAIME CERVANTES, a/k/a "Hennessy,"

KARL GRAY, a/k/a "Creeper,"

PETER CUEN, a/k/a "Mijo," and

RICHIE MICHELSON, a/k/a "Noodles,"

together with others known and unknown, unlawfully, willfully, and intentionally did combine, conspire, confederate, and agree together and with each other to commit murder, in violation of California Penal Code Sections 187, 188, and 189, to wit, ALBERTO LAREZ, BOWMAN, JAIME CERVANTES, GRAY, CUEN, and MICHELSON agreed together and with each other to kill actual and suspected members of rival gangs, individuals suspected of cooperating with law enforcement, and individuals who defied the will of *Nuestra Familia*, and others in order to maintain and increase their standing within the racketeering enterprise known as the *Nuestra Familia*.

All in violation of Title 18, United States Code, Section 1959(a)(5).

COUNT THREE:       (18 U.S.C. § 1959(a)(6) — Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering)

26. Paragraphs 1 through 15, 18 through 21, and 23 through 24 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

27. Beginning on a date unknown to the Grand Jury but since at least the mid-2000s, and continuing up through and including the present, in the Northern District of California and

INDICTMENT                              -10-

elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in *Nuestra Familia*, an enterprise engaged in racketeering activity, the defendants,

ALBERTO LAREZ, a/k/a "Bird,"

SHANE BOWMAN, a/k/a "Huero,"

JAIME CERVANTES, a/k/a "Hennessy,"

KARL GRAY, a/k/a "Creeper,"

PETER CUEN, a/k/a "Mijo,"

RICHIE MICHELSON, a/k/a "Noodles," and

PEGGY LAREZ,

together with others known and unknown, unlawfully, willfully, and intentionally did combine, conspire, confederate, and agree together and with each other to commit assault with a dangerous weapon, in violation of California Penal Code Section 245(a)(1), to wit, ALBERTO LAREZ, BOWMAN, JAIME CERVANTES, GRAY, CUEN, MICHELSON, and PEGGY LAREZ agreed together and with each other to assault with guns, knives, and other dangerous weapons actual and suspected members of rival gangs, individuals suspected of cooperating with law enforcement, and individuals who defied the will of *Nuestra Familia*, and others in order to maintain and increase their standing within the racketeering enterprise known as *Nuestra Familia*.

All in violation of Title 18, United States Code, Section 1959(a)(6).

COUNT FOUR:         (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of Crime of Violence)

28.    Beginning on a date unknown to the Grand Jury but since at least the mid-2000s, and continuing up through and including the present, in the Northern District of California and elsewhere, the defendants,

ALBERTO LAREZ, a/k/a "Bird,"

PETER CUEN, a/k/a "Mijo,"

RICHIE MICHELSON, a/k/a "Noodles,"

RUDY MARTINEZ, a/k/a "Rene,"

INDICTMENT                    -11-

ELIAS GONZALES, a/k/a "Hammer," and

PEGGY LAREZ,

together with others known and unknown, unlawfully and knowingly did use and carry a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the *Nuestra Familia* racketeering conspiracy charged in Count One of this Indictment, the conspiracy to commit murder in aid of racketeering charged in Count Two of this Indictment, and the conspiracy to commit assault with a dangerous weapon in aid of racketeering charged in Count Three of this Indictment, and did possess a firearm in furtherance of the offenses charged in Count One, Count Two, and Count Three of this Indictment, and did brandish a firearm in furtherance of the offenses charged in Count One, Count Two, and Count Three of this Indictment, and did discharge a firearm in furtherance of the offenses charged in Count One, Count Two, and Count Three of this Indictment, to wit, ALBERTO LAREZ, CUEN, MICHELSON, RUDY MARTINEZ, GONZALES, and PEGGY LAREZ possessed and used, or aided and abetted another's possession and use, and had available for their use, a variety of firearms to further the goals and activities of *Nuestra Familia*.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

COUNT FIVE:                (18 U.S.C. § 371 — Conspiracy to Obstruct Justice)

29.    From at least on or about September 9, 2011, up through and including on or about September 11, 2011, in the Northern District of California, the defendants,

SHANE BOWMAN, a/k/a "Huero,"

JAIME CERVANTES, a/k/a "Hennessy," and

RICHARD MARTINEZ, a/k/a "Maniac,"

and others known and unknown, unlawfully, willfully, and intentionally did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1512(c)(2).

30.    It was a part and an object of the conspiracy that the defendants,

SHANE BOWMAN, a/k/a "Huero,"

JAIME CERVANTES, a/k/a "Hennessy," and

INDICTMENT                                  -12-

RICHARD MARTINEZ, a/k/a "Maniac,"

and their co-conspirators, unlawfully, willfully, and intentionally would and did corruptly

obstruct, influence, and impede an official proceeding, in violation of Title 18, United States

Code, Section 1512(c)(2).

Overt Acts

31.     In furtherance of the conspiracy and to effect the illegal object thereof, the

following overt acts, among others, were committed in the Northern District of California:

      a.     On or about September 10, 2011, SHANE BOWMAN, JAIME

CERVANTES, and RICHARD MARTINEZ traveled to Oakland, California.

      b.     On or about September 10, 2011, BOWMAN, JAIME CERVANTES, and

RICHARD MARTINEZ set fire to an apartment in Oakland, California.

      All in violation of Title 18, United States Code, Section 371.

COUNT SIX:                    (18 U.S.C. §§ 3 and 1959(a)(1) — Accessory After the Fact to
                              Racketeering Murder)

32.     From at least on or about September 9, 2011, up through and including on or

about September 11, 2011, in the Northern District of California and elsewhere, the defendants,

SHANE BOWMAN, a/k/a "Huero,"

JAIME CERVANTES, a/k/a "Hennessy," and

RICHARD MARTINEZ, a/k/a "Maniac,"

and others known and unknown, knowing that an offense against the United States had been

committed, to wit, a double murder committed on or about September 9, 2011, in violation of

Title 18, United States Code, Section 1959(a)(1), unlawfully and knowingly did receive, comfort,

and assist the offender in order to hinder and prevent the offender's apprehension, trial, and

punishment, to wit, BOWMAN, JAIME CERVANTES, and RICHARD MARTINEZ destroyed

evidence relating to a double murder committed on September 9, 2011, in Oakland, California.

      All in violation of Title 18, United States Code, Section 3.

//

INDICTMENT                                      -13-

```
1  COUNT SEVEN:              (18 U.S.C. §§ 1512(c)(2) and 2 — Obstruction of Justice)
2       33.    From at least on or about September 9, 2011, up through and including on or
3  about September 11, 2012, in the Northern District of California, the defendants,
4                        SHANE BOWMAN, a/k/a "Huero,"
5                 JAIME CERVANTES, a/k/a "Hennessy," and
6                    RICHARD MARTINEZ, a/k/a "Maniac,"
7  and others known and unknown, unlawfully and knowingly did corruptly obstruct, influence, and
8  impede an official proceeding, to wit, BOWMAN, JAIME CERVANTES, and RICHARD
9  MARTINEZ destroyed evidence relating to a double murder committed on September 9, 2011 in
10 Oakland, California.
11          All in violation of Tile 18, United States Code, Sections 1512(c)(2) and 2.
12 COUNT EIGHT:              (18 U.S.C. §§ 1519 and 2 — Destruction of Object to Obstruct
13                               Investigation)
14       34.    On or about September 10, 2011, in the Northern District of California, the
15 defendants,
16                        SHANE BOWMAN, a/k/a "Huero,"
17                 JAIME CERVANTES, a/k/a "Hennessy," and
18                    RICHARD MARTINEZ, a/k/a "Maniac,"
19 and others known and unknown, unlawfully and knowingly did alter, destroy, mutilate, and
20 conceal a tangible object with the intent to impede, obstruct, and influence the investigation of a
21 matter within the jurisdiction of a department and agency of the United States, to wit,
22 BOWMAN, JAIME CERVANTES, and RICHARD MARTINEZ set fire to an apartment in
23 order to destroy evidence relating to a double murder committed on September 9, 2011, in
24 Oakland, California.
25          All in violation of Title 18, United States Code, Sections 1519 and 2.
26 //
27
28

   INDICTMENT                    -14-
```

COUNT NINE:                    (18 U.S.C. §§ 844(h) and 2 — Use of Fire to Commit Felony)

35.    On or about September 10, 2011, in the Northern District of California, the defendants,

SHANE BOWMAN, a/k/a "Huero,"

JAIME CERVANTES, a/k/a "Hennessy," and

RICHARD MARTINEZ, a/k/a "Maniac,"

unlawfully and knowingly did use fire to commit a felony which may be prosecuted in a court of the United States, to wit, BOWMAN, JAIME CERVANTES, and RICHARD MARTINEZ set fire to an apartment in Oakland, California, in order to commit the crimes of conspiring to obstruct justice charged in Count Five of this Indictment, being an accessory after the fact to racketeering murder charged in Count Six of this Indictment, obstructing of justice charged in Count Seven of this Indictment, and destroying an object to obstruct an investigation charged in Count Eight of this Indictment.

All in violation of Title 18, United States Code, Sections 844(h)(1) and 2.

COUNT TEN:                    (18 U.S.C. §§ 1959(a)(3) and 2 — Assault with a Dangerous
                              Weapon in Aid of Racketeering of Victim-1)

36.    Paragraphs 1 through 15, 18 through 21, and 23 through 24 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

37.    On or about January 10, 2012, in the Northern District of California, for the purpose of gaining entrance to, and maintaining and increasing position in, *Nuestra Familia*, an enterprise engaged in racketeering activity, the defendants,

SHANE BOWMAN, a/k/a "Huero," and

JAIME CERVANTES, a/k/a "Hennessy,"

together with others known and unknown, unlawfully and knowingly did assault Victim-1 with a dangerous weapon, in violation of California Penal Code, Section 245(a)(1).

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

//

INDICTMENT                                -15-

COUNT ELEVEN:               (18 U.S.C. §§ 1959(a)(3) and 2 — Assault with a Dangerous Weapon in Aid of Racketeering of Victim-2)

38.     Paragraphs 1 through 15, 18 through 21, and 23 through 24 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

39.     On or about January 10, 2012, in the Northern District of California, for the purpose of gaining entrance to, and maintaining and increasing position in, *Nuestra Familia*, an enterprise engaged in racketeering activity, the defendants,

SHANE BOWMAN, a/k/a "Huero," and

JAIME CERVANTES, a/k/a "Hennessy,"

together with others known and unknown, unlawfully and knowingly did assault Victim-2 with a dangerous weapon, in violation of California Penal Code, Section 245(a)(1).

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

COUNT TWELVE:            (18 U.S.C. § 1951(a) — Conspiracy to Commit Robbery Affecting Interstate Commerce)

40.     In or about January 2012, in the Northern District of California, the defendants,

SHANE BOWMAN, a/k/a "Huero," and

JAIME CERVANTES, a/k/a "Hennessy,"

and others known and unknown, unlawfully, willfully, and intentionally did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby would obstruct, delay, and affect commerce and the movement of articles and commodities in commerce.

All in violation of Title 18, United States Code, Section 1951(a).

COUNT THIRTEEN:         (18 U.S.C. §§ 1951(a) and 2 — Robbery Affecting Interstate Commerce)

41.     On or about January 10, 2012, in the Northern District of California, the defendants,

SHANE BOWMAN, a/k/a "Huero," and

JAIME CERVANTES, a/k/a "Hennessy,"

and others known and unknown, unlawfully and knowingly did obstruct, delay, and affect

commerce and the movement of articles and commodities in commerce by robbery, as that term

is defined in Title 18, United States Code, Section 1951(b)(1).

All in violation of Title 18, United States Code, Sections 1951(a) and 2.

COUNT FOURTEEN:        (18 U.S.C. §§ 924(c) and 2 — Possession of a Firearm in

Furtherance of a Crime of Violence)

42.    On or about January 10, 2012, in the Northern District of California, the

defendants,

SHANE BOWMAN, a/k/a "Huero," and

JAIME CERVANTES, a/k/a "Hennessy,"

and others known and unknown, unlawfully and knowingly did use and carry a firearm during

and in relation to a crime of violence for which they may be prosecuted in a court of the United

States, namely, the assault with a dangerous weapon of Victim-1 in aid of racketeering charged in

Count Ten of this Indictment, the assault with a dangerous weapon of Victim-2 in aid of

racketeering charged in Count Eleven of this Indictment, the conspiracy to commit robbery

affecting commerce charged in Count Twelve of this Indictment, and the robbery affecting

commerce charged in Count Thirteen of this Indictment, and did possess and brandish a firearm

in furtherance of the offenses charged in Counts Ten, Eleven, Twelve, and Thirteen of this

Indictment.

All in violation of Title 18, United States Code, Sections 924(c) and 2.

COUNT FIFTEEN:        (18 U.S.C. §§ 922(g) and 2 — Felon in Possession of Firearm)

43.    On or about January 10, 2012, in the Northern District of California, the

defendant,

SHANE BOWMAN, a/k/a "Huero,"

having been previously convicted of a crime punishable by a term of imprisonment exceeding

one year, unlawfully and knowingly did possess a firearm, specifically a Smith & Wesson .357

caliber revolver, in and affecting interstate commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 2.

INDICTMENT                                    -17-

COUNT SIXTEEN:        (21 U.S.C. § 841(a) and 18 U.S.C. § 2 — Possession with Intent to
                      Distribute Controlled Substance)

44.    On or about May 26, 2012, in the Northern District of California, the
defendant,

KARL GRAY, a/k/a "Creeper,"

unlawfully and knowingly possessed with the intent to distribute methamphetamine, its salts,
isomers, and salts of its isomers.

        All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C),
and Title 18, United States Code, Section 2.

COUNT SEVENTEEN:          (18 U.S.C. §§ 924(c) and 2 — Possession of a Firearm in
                          Furtherance of a Drug Trafficking Crime)

45.    On or about May 26, 2012, in the Northern District of California, the defendant,

KARL GRAY, a/k/a "Creeper,"

and others known and unknown, unlawfully and knowingly did use and carry a firearm during
and in relation to a drug trafficking crime for which he may be prosecuted in a court of the
United States, namely, the possession of methamphetamine with intent to distribute charged in
Count Sixteen of this Indictment, and did possess a firearm in furtherance of the offense charged
in Count Sixteen of this Indictment.

        All in violation of Title 18, United States Code, Sections 924(c) and 2.

COUNT EIGHTEEN:           (18 U.S.C. §§ 922(g) and 2 — Felon in Possession of Firearm)

46.    On or about May 26, 2012, in the Northern District of California, the defendant,

KARL GRAY, a/k/a "Creeper,"

having been previously convicted of a crime punishable by a term of imprisonment exceeding
one year, unlawfully and knowingly did possess a firearm, specifically a  Ruger LCP .380 caliber
handgun, in and affecting interstate commerce.

        All in violation of Title 18, United States Code, Sections 922(g)(1) and 2.

//

INDICTMENT                              -18-

COUNT NINETEEN:          (18 U.S.C. §§ 922(g) and 2 — Felon in Possession of Firearm)

47.     On or about June 7, 2012, in the Northern District of California, the defendant,

KARL GRAY, a/k/a "Creeper,"

having been previously convicted of a crime punishable by a term of imprisonment exceeding

one year, unlawfully and knowingly did possess a firearm, specifically a Dreyse 1907 .32 caliber

handgun, in and affecting interstate commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 2.

COUNT TWENTY:          (18 U.S.C. § 371 — Conspiracy to Obstruct Justice)

48.     In or about October 2011, in the Northern District of California, the defendants,

ALBERTO LAREZ, a/k/a "Bird," and

KARL GRAY, a/k/a "Creeper,"

and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire,

confederate, and agree together and with each other to commit an offense against the United

States, to wit, to violate Title 18, United States Code, Section 1512(c)(2).

49.     It was a part and an object of the conspiracy that the defendants,

ALBERTO LAREZ, a/k/a "Bird," and

KARL GRAY, a/k/a "Creeper,"

and their co-conspirators, unlawfully, willfully, and intentionally would and did corruptly

obstruct, influence, and impede an official proceeding, in violation of Title 18, United States

Code, Section 1512(c)(2).

Overt Acts

50.     In furtherance of the conspiracy and to effect the illegal object thereof, the

following overt acts, among others, were committed in the Northern District of California:

a.      In or about October 2011, in Oakland, California, ALBERTO LAREZ

instructed KARL GRAY to discard firearms stored in a residence in Oakland.

b.      In or about October 2011, in Oakland, California, GRAY removed

firearms from a residence in Oakland.

All in violation of Title 18, United States Code, Section 371.

INDICTMENT                              -19-

COUNT TWENTY-ONE:    (18 U.S.C. §§ 1512(c)(2) and 2 — Obstruction of Justice)

51.    In or about October 2011, in the Northern District of California, the defendants,

ALBERTO LAREZ, a/k/a "Bird," and

KARL GRAY,  a/k/a "Creeper,"

and others known and unknown, unlawfully and knowingly did corruptly obstruct, influence, and impede an official proceeding, to wit, ALBERTO LAREZ and GRAY discarded firearms stored at a residence in Oakland, California, thereby obstructing and impeding a federal criminal investigation.

All in violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

COUNT TWENTY-TWO:    (18 U.S.C. §§ 1519 and 2 — Concealment of Object to Obstruct Investigation)

52.    In or about October 2011, in the Northern District of California, the defendants,

ALBERTO LAREZ, a/k/a "Bird," and

KARL GRAY,  a/k/a "Creeper,"

and others known and unknown, unlawfully and knowingly did alter, destroy, mutilate, and conceal a tangible object with the intent to impede, obstruct, and influence the investigation of a matter within the jurisdiction of a department and agency of the United States, to wit, ALBERTO LAREZ and GRAY discarded firearms stored at a residence in Oakland, California, thereby obstructing and impeding a federal criminal investigation.

All in violation of Title 18, United States Code, Sections 1519 and 2.

COUNT TWENTY-THREE: (18 U.S.C. §§ 1512(a)(2) and 2 — Witness Tampering)

53.    On or about October 13, 2012, in the Northern District of California, the defendant,

RICHIE MICHELSON, a/k/a "Noodles,"

unlawfully and knowingly did use the threat of physical force against a person with intent to influence, delay, and prevent the testimony of that person in an official proceeding, and to cause and induce that person to withhold testimony from an official proceeding, and to hinder, delay,

INDICTMENT                              -20-

and prevent the communication to a law enforcement officer and judge of the United States of information relating to the commission and possible commission of a federal offense, to wit, MICHELSON threatened to kill an individual whom he believed would testify as a witness against KARL GRAY to prevent that witness from testifying and providing information against GRAY.

All in violation of Title 18, United States Code, Sections 1512(a)(2) and 2.

COUNT TWENTY-FOUR:   (21 U.S.C. § 846 — Conspiracy to Distribute/Possess with Intent to Distribute a Controlled Substance)

54.    From at least in or about April 2009 up through and including in or about November 2009, in the Northern District of California, the defendant,

RICHIE MICHELSON, a/k/a "Noodles,"

and others known and unknown, unlawfully, willfully, and intentionally did conspire to distribute and possess with intent to distribute methamphetamine, its salts, isomers, and salts of its isomers.

All in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(C).

FORFEITURE ALLEGATION:      (18 U.S.C. § 1963 — Proceeds and Property Involved in Racketeering)

55.    The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 1963.

56.    Pursuant to Title 18, United States Code, Section 1963, upon conviction of an offense in violation of Title 18, United States Code, Section 1962, the defendants,

ALBERTO LAREZ, a/k/a "Bird,"

SHANE BOWMAN, a/k/a "Huero,"

JAIME CERVANTES, a/k/a "Hennessy,"

KARL GRAY,  a/k/a "Creeper,"

PETER CUEN, a/k/a "Mijo,"

RICHIE MICHELSON, a/k/a "Noodles,"

INDICTMENT                                          -21-

RUDY MARTINEZ, a/k/a "Rene,"

ELIAS GONZALES, a/k/a "Hammer," and

PEGGY LAREZ,

shall forfeit to the United States of America:

        a.    any interest the defendants have acquired and/or maintained in violation of 18 U.S.C. § 1962;

        b.    any interest in, security, of, claim against, and property and contractual right of any kind affording a source of influence over an enterprise which the defendants have established, operated, controlled, conducted, and participated in the conduct of in violation of 18 U.S.C. § 1962;

        c.    any property constituting, and derived from, any proceeds obtained, directly and indirectly, from racketeering activity in violation of 18 U.S.C. § 1962.

57.    Defendants are jointly and severally liable for forfeiture.

58.    If any of the property described above, as a result of any act or omission of the defendants:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the court;

        d.    has been substantially diminished in value;

        e.    has been commingled with other property which cannot be divided

            without difficulty,

//

the United States shall be entitled to forfeiture of substitute property pursuant to Title 18, United States Code, Section 1963(m).

DATED: November 6, 2012   A TRUE BILL

           _J. Scheer_____
           FOREPERSON

MELINDA HAAG
United States Attorney

_/s/_____
MIRANDA KANE
Chief, Criminal Division

(Approved as to form: _____)
        KATHRYN HAUN
        RANDY LUSKEY
        Assistant United States Attorneys

INDICTMENT      -23-