# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HENRY CERVANTES, et al.,<br><br>Defendants. | Case No. 12-cr-00792-1 YGR (NC)<br><br>**SECOND DISCOVERY ORDER RE: HENRY CERVANTES'S MOTION FOR PRETRIAL DISCOVERY TO AID IN THE DEFENSE OF A DEATH-ELIGIBLE DEFENDANT**<br><br>Re: Dkt. No. 95 |

On May 24, 2013, the Court issued its First Discovery Order granting in part Henry Cervantes's Motion for Pretrial Discovery and imposing certain initial deadlines for the government's production of Rule 16 discovery. On June 26, 2013, the Court held a further discovery hearing to address the imposition of additional pretrial deadlines for the government's disclosures. This order memorializes the Court's rulings at the hearing.

**A.  Material to Be Produced**

   **1.  Forensic Science and Lab-Related Materials**

The Court previously imposed a deadline for the production of certain Rule 16 materials by August 6, 2013. At the hearing, the government stated that it has identified five agencies (the "DNA Lab," the Oakland Police Department, the Oakland Fire Department, the Alameda County Sheriff's Office Coroner's Bureau, and the Drug Enforcement Administration) that might have documents in this category, and has provided

those agencies with the Court's First Discovery Order and the pertinent discovery requests. The government further reported that it has already received and produced documents from the "DNA Lab," which the defense characterized as very complete. According to the government, the responses of the Oakland Police Department and the Oakland Fire Department regarding the requested fingerprint analysis and arson investigation materials are forthcoming. The Alameda County Sheriff's Office Coroner's Bureau has not produced any documents to date, but has been informed of the production deadline. The government reported that the Drug Enforcement Administration intends to object to the disclosure.

The Court orders that any objections to the Rule 16 disclosure of forensic science and lab-related materials ordered produced by the Court must be filed by **July 10, 2013** (14 days from the June 26 discovery hearing). Responses to the objections may be filed within 14 days of the objections. Any agency that files such objections must have its representative appear at the next discovery hearing. The government must provide a copy of this order to the agencies that have been served with outstanding document requests.

**2. Files Pertinent to Count 1 of the Superseding Indictment**

**a. U.S. Bureau of Prisons files**

At the hearing, the parties confirmed that Cervantes's medical records from the U.S. Bureau of Prisons have been produced to the defense, and that, currently, no issues remain with respect to this sub-category of documents.

Additionally, the government reported that Cervantes's BOP "central file" has been produced, and that it contains most, if not all, of the documents sought by the defense. The defense raised two issues regarding this production. First, the defense noted that it appears that the production does not include documents showing the predicate findings for Cervantes's special housing and administrative placement. The government responded that, to the extent such documents exist, they have been produced, and that it is not aware of any documents that are being withheld.

Second, the defense pointed that a minority of the documents produced contain redactions. The government responded that there were only two types of information

Case No. 12-cr-00792-1 YGR (NC)
ORDER RE: MOTION FOR PRETRIAL
DISCOVERY
2


redacted—references to weapon systems and other inmate names, and that the government would oppose an attempt to remove those redactions.

The Court orders that by **July 26, 2013**, (1) the Bureau of Prisons must certify that it has produced all documents in its possession, custody, or control called for under Rule 16, and explain the reason(s) for the redactions; and (2) the parties, including the Bureau of Prisons, to the extent it opposes the defense's requests for disclosure, must meet and confer in an attempt to resolve any dispute regarding the redactions. If the parties agree that the Court should resolve the redaction dispute by reviewing the documents ex parte in camera, the government should submit the redactions and originals to chambers by **August 2, 2013**.

### b. California Department of Corrections and Rehabilitation files

The defense stated that it has not been successful in seeking to obtain production from the CDCR through negotiations, and that it intends to present a Rule 17 subpoena to the District Court and provide a copy to the government. The Court continues this issue, and will address the status of the Rule 17 subpoena proceedings at the further hearing, or sooner if appropriate. Rule 17 issues have not been referred from the District Court.

### c. Files from the *U.S. v. Rubalcaba, et al.* case

The government stated that it is approximately halfway through the process of reviewing 18 boxes of discovery from the prior case *U.S. v. Rubalcaba, et al.*, No. 00-cr-00654 CRB to determine which of the materials should be produced in this case. The Court orders the parties to meet and confer by **July 26, 2013** regarding the process for production of the documents. The materials must be produced by **August 26, 2013**, with the expectation that, to the extent any documents become available for production earlier, the government will produce them as soon as possible. The parties indicated that they have begun discussions about a proposed protective order, which they will submit to the Court.

### 3. Witness Statements

With respect to the defense's request for cooperating witness statements, the government objects to the production of such statements on the basis of witness safety concerns. The government's position is that such statements fall under the category of

information not subject to disclosure under Rule 16(a)(2). The defense contends that these are *Brady* materials. At the hearing, the defense explained that its primary concern is with obtaining basic information about the circumstances of the homicides and the government's allegations regarding Cervantes's involvement in drug transactions. The defense stated that if the government provides this information in a narrative form, the defense will not, at this time, seek the identity of cooperating government witnesses. The government responded that it might not be possible to provide a narrative without revealing the identity of the witness. The government further estimated that there are approximately 30 FBI 302 forms comprising 7-8 witnesses, only one of which is a homicide witness. The Court orders the government by **July 26, 2013** to make an ex parte submission under Rule 16(d) of (1) a written statement summarizing any potential *Brady/Giglio* information; (2) the underlying materials for the Court's in camera review; and (3) any evidence or arguments supporting the non-disclosure of the summary or underlying materials.

**B.    Further Hearing**

The parties informed the Court that Cervantes's pending severance motion and other anticipated case developments are likely to affect the scope of the case and the timing of discovery. The Court will hold a further hearing to discuss the status of the discovery and set further disclosure deadlines on **August 14, 2013** at 11:00 a.m. The parties must submit by **August 12, 2013** a joint report on the status of the discovery undertaken since the June 26, 2013 hearing and any outstanding discovery issues.

Any party may object to this non-dispositive order, but must do so within 14 days of being served with the order. Failure to object waives a party's right to review. Fed. R. Crim. P. 59(a).

IT IS SO ORDERED.

Date: June 28, 2013

Nathanael M. Cousins
United States Magistrate Judge

Case No. 12-cr-00792-1 YGR (NC)
ORDER RE: MOTION FOR PRETRIAL
DISCOVERY                                   4